IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ABOL GHOREISHI,

    Plaintiff,

      v.

                               CIVIL ACTION FILE
                               NO. 1:13-CV-1803-TWT

HYATT CORPORATION,

    Defendant.

## OPINION AND ORDER

This is an age discrimination case. The Plaintiff Abol Ghoreishi claims that his employment at the Grand Hyatt Hotel was terminated because of his age and because he opposed what he felt was age discrimination against his fellow employees. It is before the Court on the Defendant Hyatt Corporation's Motion for Summary Judgment [Doc. 39]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 39] is GRANTED.

### I. Background

The Plaintiff Abol Ghoreishi was the Banquet Manager at the Grant Hyatt Hotel in Atlanta, Georgia, which is owned by the Defendant Hyatt Corporation.[1] As part of

---

[1] Pl.'s Statement of Facts ¶.

his duties, the Plaintiff was responsible for managing a number of subordinate employees.[2] Beginning in 1999, several of the Plaintiff's managers had made critical comments about how the Plaintiff had dealt with his subordinates. For example, some indicated that the Plaintiff was verbally abusive and did not properly resolve internal conflicts.[3] Several managers, however, gave him positive reviews regarding his overall job performance.[4]

On August 31, 2009, one of the Plaintiff's subordinates sent a letter concerning the Plaintiff to the Hotel's General Manager, Ruth Benjamin.[5] The letter indicated that the Plaintiff threatened his subordinates, retaliated when they asked for time off, improperly distributed tips, and discriminated against the Hispanic employees.[6] Upon receiving this letter, many of the Plaintiff's subordinates were interviewed, and some corroborated the accusations in the letter.[7] In response, the Plaintiff was asked to submit a plan, by September 24, 2009, through which he would address these

---

[2] Pl.'s Statement of Facts ¶ 12.

[3] Def.'s Statement of Facts ¶¶ 4-8.

[4] Pl.'s Statement of Facts ¶¶ 37-48.

[5] Def.'s Statement of Facts ¶ 10.

[6] Def.'s Statement of Facts ¶ 12.

[7] Def.'s Statement of Facts ¶¶ 14-23.

accusations.[8] The Plaintiff turned in the plan late, and Lisa Mathieu – the Hotel's Food and Beverage Director – claimed that she did not feel that the plan sufficiently addressed the problems.[9] For nearly two more years, several of the Plaintiff's subordinates continued to complain about the Plaintiff's management.[10] The Plaintiff was then informed that he would be placed on a thirty-day final action plan, and that he was to submit a document detailing the steps he would take to address his subordinates' concerns.[11] But the complaints against the Plaintiff continued.[12] Mathieu then recommended to Christine Flaschner – the Hotel's Human Resources Director – that the Hotel terminate the Plaintiff's employment.[13] Flaschner discussed the issue with Benjamin, and they agreed to terminate the Plaintiff's employment.[14] On December 13, 2011, the Plaintiff was discharged.[15]

---

[8] Def.'s Statement of Facts ¶¶ 25, 27.

[9] Def.'s Statement of Facts ¶ 30.

[10] Def.'s Statement of Facts ¶¶ 36, 38-40.

[11] Def.'s Statement of Facts ¶ 46.

[12] Def.'s Statement of Facts ¶¶ 48-50.

[13] Def.'s Statement of Facts ¶ 52.

[14] Def.'s Statement of Facts ¶¶ 53, 56.

[15] Def.'s Statement of Facts ¶ 58.

The Plaintiff claims that prior to his discharge, Mathieu had asked the Plaintiff to begin phasing out the older employees whom he managed.[16] The Plaintiff claims that, in response, he told Mathieu that there was nothing wrong with the older employees.[17] The Plaintiff argues that given the many positive reviews he had received – some of which were from Mathieu herself – the real reason Mathieu recommended his discharge was because of his age and because he spoke out against her alleged attempt to discharge other employees on the basis of age. The Defendant moves for summary judgment on both claims.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[18] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[19] The party seeking summary judgment must first identify grounds that

---

[16] Pl.'s Statement of Facts ¶¶ 130, 133.

[17] Pl.'s Statement of Facts ¶ 140.

[18] FED. R. CIV. P. 56(c).

[19] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

show the absence of a genuine issue of material fact.[20] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[21] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[22]

### III. Discussion

A plaintiff may support a claim under the Age Discrimination in Employment Act ("ADEA") with direct or circumstantial evidence.[23] When the claim is based on circumstantial evidence, the Court must evaluate it using a burden-shifting framework. First, the plaintiff must establish a prima facie case of discrimination.[24] Then, the defendant has an opportunity to state a legitimate, non-discriminatory reason for the challenged employment action.[25] If the defendant does so, the plaintiff must show that the employer's stated reason is pretext for discrimination.[26]

---

[20] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[21] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[22] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[23] Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013).

[24] Id.

[25] Id.

[26] Id.

The Plaintiff asserts two ADEA claims. First, the Plaintiff alleges that he was discharged because of his age. Under section 623 of the ADEA, it is unlawful "for an employer . . . to . . . discharge any individual . . . because of such individual's age."[27] According to the United States Supreme Court, this provision only proscribes a discharge if it would not have occurred *but for* the plaintiff's age.[28] The Plaintiff also claims that he was discharged because he opposed what he thought was age discrimination directed toward other employees. Section 623 of the ADEA also makes it "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by [section 623]."[29] Again, to prevail on an ADEA retaliation claim a plaintiff must establish that his

---

[27] 29 U.S.C. § 623(a)(1).

[28] See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180 (2009).

[29] 29 U.S.C. § 623(d).

protected expression was the *but for* cause of the adverse employment action.[30] The

Plaintiff relies on circumstantial evidence for both claims.[31]

The Court now begins with the first step of the burden-shifting framework.

Here, the Court will assume, without deciding, that the Plaintiff has established a

*prima facie* case for both of his claims. Indeed, the Defendant concedes that the

Plaintiff has done so for at least his age discrimination claim.[32] The Plaintiff, in turn,

concedes that the Defendant has stated a legitimate reason for discharging the

Plaintiff: that there were consistent complaints about the Plaintiff coming from his

---

[30] See, e.g., Barton v. Zimmer, Inc., 662 F.3d 448, 455 n.3 (7th Cir. 2011) ("In *Gross* . . . the Supreme Court interpreted the ADEA's discrimination provision, which prohibits discrimination 'because of' age . . . [t]he ADEA's antiretaliation provision employs similar language, prohibiting discrimination 'because' an employee exercises protected rights . . . [t]hus, the Court's conclusion that the ADEA requires but-for causation for discrimination claims applies equally to retaliation claims.").

[31] Contrary to the Plaintiff's assertion, he did not submit any direct evidence for his claims. "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact *without inference or presumption*." Carter v. City of Miami, 870 F.2d 578, 581-82 (11th Cir. 1989) (emphasis added). Even though the Plaintiff testified that Mathieu made age-related remarks concerning other employees, he never testified that she made any comment expressly suggesting that she recommended his termination because of his age or because of his protected expression. His evidence requires a fact-finder to make that inference, and so it is not "direct evidence."

[32] Def.'s Mot. for Summ. J., at 14.

subordinates.[33] Thus, the Court turns to the third step of the burden-shifting framework.

The Court must determine if there is a genuine issue of material fact regarding whether the Defendant's stated reason is pretext for age discrimination or retaliation. This step merges with the ultimate issue of causation.[34] The "inquiry is limited to whether the employer gave an honest explanation of its behavior."[35] If "the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason."[36] The Court does "not sit as a super-personnel department that reexamines an entity's business decisions."[37] The Eleventh Circuit has

---

[33] Pl.'s Resp. to Def.'s Mot. for Summ. J., at 7.

[34] See Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) ("The burden of proving pretext merges with the plaintiff's ultimate burden of proving that age was a determining factor in his discharge."); Brooks v. County Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) ("A reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.'").

[35] Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991).

[36] Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000).

[37] Elrod, 939 F.2d at 1470.

"repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law."[38]

Here, the Court concludes that no rational trier of fact could find, based on the evidence, that the Plaintiff would not have been discharged but for his age or alleged protected activity. As noted, the Defendant submits evidence that many of the Plaintiff's subordinates complained of mistreatment. Upon receiving a letter alleging several instances of misconduct, Benjamin and Flaschner interviewed his subordinate employees, some of whom corroborated the accusations. The Plaintiff was then given at least two opportunities to rectify their concerns. When a number of employees continued to complain of mistreatment, Mathieu recommended to Flaschner that the Plaintiff be discharged. Flaschner then met with Benjamin, and after discussing the recommendation, they decided to terminate the Plaintiff's employment. The Plaintiff does not deny these facts. Nevertheless, the Plaintiff makes several arguments for why a rational trier of fact could find that the cause-in-fact of his discharge was his age or his protected conduct.

---

[38] <u>Damon v. Fleming Supermarkets Of Florida, Inc.</u>, 196 F.3d 1354, 1361 (11th Cir. 1999).

The Plaintiff first argues that Mathieu asked him to phase out the older employees and that he refused this order.[39] Even assuming this claim to be true – a fact that the Defendant contests – this is not sufficiently probative to show that the Plaintiff was terminated *for this reason*. It is well settled that "a comment unrelated to a termination decision . . . will usually not be sufficient absent some additional evidence supporting a finding of pretext."[40] This evidence is further weakened by the temporal gap between Mathieu's alleged order and the Plaintiff's termination: the Plaintiff claims that Mathieu initially made this demand  around June of 2010,[41] over a year

---

[39] The Plaintiff is relying on a "cat's paw" theory of liability. The Plaintiff only asserts that Mathieu's actions were motivated by the Plaintiff's age and protected expression. Mathieu, however, did not make the ultimate decision to discharge the Plaintiff. The Plaintiff claims that there is a genuine issue of material fact regarding who had final authority to terminate his employment, but this assertion is without merit. The Plaintiff himself acknowledges that Mathieu only had the authority to recommend a discharge. (Pl.'s Statement of Facts ¶ 21) ("A Division head like Mathieu has the authority to hire and discipline personnel but can only recommend termination to HR."). The Plaintiff thus argues that the Defendant may be liable because Mathieu engaged in conduct that was motivated by the Plaintiff's age and protected expression, and that this conduct was the *but for* cause of his termination. The Eleventh Circuit has stated that its "prior case law applying the cat's paw theory in ADEA cases . . . suggests that it is appropriate to apply agency principles in determining vicarious liability of an employer." Sims, 704 F.3d at 1336. The Eleventh Circuit cautioned, however, that a plaintiff must show that the non-decision maker's "animus was a 'but-for' cause of, or a determinative influence on . . . [the] ultimate decision." Id. at 1337.

[40] Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1229 (11th Cir. 2002).

[41] Pl.'s Statement of Facts ¶ 131.

before he was terminated. That is what distinguishes this case from <u>Damon v. Fleming Supermarkets Of Florida, Inc.</u> – a case cited by the Plaintiff in support. There, the discriminatory comments were made right around the time of termination.[42]

Second, the Plaintiff argues that statistical evidence supports a finding that Mathieu was biased against older employees. For example, the Plaintiff claims that before Mathieu joined the Hotel, fifty-three percent of the workforce was over the age of fifty, whereas now only thirty-eight percent is over the age of fifty.[43] The Plaintiff also claims that, since his termination, at least two other older employees – aged seventy-seven and seventy – were phased out.[44] This argument fails. To begin, the Defendant points out – correctly – that these statistics are meaningless without more context. For example, the Plaintiff submits no evidence regarding what percentage of the total number of qualified applicants were over the age of fifty. Without this, a rational fact finder could not infer that there is any systematic bias in Mathieu's hiring

---

[42] <u>See</u> <u>Damon</u>, 196 F.3d at 1362 ("Soto's remark . . . right after Kanafani was terminated . . . is highly suggestive circumstantial evidence . . . the comment may evince probative evidence of the state of mind of the decision-maker at the time of Kanafani's termination.").

[43] Pl.'s Resp. to Def.'s Mot. for Summ. J., at 13.

[44] Pl.'s Resp. to Def.'s Mot. for Summ. J., at 13.

practices.[45] The Plaintiff's claim that two other older employees were phased out suffers from a similar problem. The Plaintiff fails to submit evidence regarding how many people *under* the age of fifty were also discharged or phased out. The Defendant submits evidence indicating that Mathieu was involved in the termination of two additional employees for job-performance reasons. One of these employees was in his mid-twenties, and the other was in his early thirties.[46] An alternative explanation is that younger people were applying for server jobs because of the terrible jobs market. Thus, a rational trier of fact could not conclude, based on this evidence, that Mathieu was biased against older employees.

Finally, the Plaintiff attempts to point out what he believes are inconsistencies in the Defendant's explanation for the discharge. None of these arguments have any merit. The Plaintiff claims that the action plan he was placed on largely focused on other elements of his job performance, not on the treatment of his subordinates.[47] But it is unclear how this means that he was not terminated because of the consistent

[45] Cf. Lee v. GTE Florida, Inc., 226 F.3d 1249, 1255 n.2 (11th Cir. 2000) ("Lee's claim that Shaffer had a poor history of promoting women is too generalized to have any statistical significance. She claims that Shaffer only promoted a total of four women into management positions and only hired two women into staff positions. Notably, however, Lee does not tell us how many people Shaffer promoted in total and she provides no evidence as to relative qualifications.").

[46] Mathieu Dep. at 74-76.

[47] Pl.'s Resp. to Def.'s Mot. for Summ. J., at 14.

complaints by his subordinates. The Plaintiff then claims that he got very positive general reviews, and even scored well on the Engagement Survey which is a measure of employee satisfaction.[48] The Plaintiff also points out that several employees testified that they were satisfied with the Plaintiff's management.[49] But he does not dispute that there were still several employees that consistently complained about him. It was possible for Mathieu to have believed that – even though many employees were satisfied with the Plaintiff – the complaints that did exist were sufficient to warrant his dismissal. The Court is not reviewing whether, on balance, the Plaintiff did a satisfactory job of managing his subordinates. The Court may not second-guess the validity of Mathieu's conclusion. The question is simply whether Mathieu's stated reason for recommending the Plaintiff's discharge was pretext for age discrimination. The Plaintiff's evidence is insufficient to allow a rational trier of fact to conclude that it was.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [Doc. 39].

---

[48] Pl.'s Resp. to Def.'s Mot. for Summ. J., at 15-16.

[49] Pl.'s Resp. to Def.'s Mot. for Summ. J., at 17.

SO ORDERED, this 23 day of May, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge